IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    CASE NO. 3:21-cr-008 |
| | ) |
| ROBIN EBERLING | ) |
| | ) |

## PLEA AGREEMENT

Defendant ROBIN EBERLING, represented by her counsel C. Brian Jarrard, and the United States of America, represented by Assistant United States Attorney John P. Harper III, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.  <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to the lesser included offense of Count One of the Indictment, which charges a violation of 21 U.S.C. § 846.

2.  <u>Elements and Factual Basis</u>

The elements necessary to prove the lesser included offense charged in Count One are:

**First:**      Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

**Second:**      Defendant knew the unlawful purpose of the plan and willfully joined in it; and

**Third:**      The object of the unlawful plan was to possess with intent to distribute and to distribute the mixture or substance containing a detectable amount of methamphetamine.



Defendant agrees that she is, in fact, guilty of this offense. She agrees to the accuracy of the following facts, which satisfy each of the required elements for the lesser included offense charged in Count One of the Indictment: that beginning on a date at least as early as January 2020, up to and including on or about January 30, 2021, the precise dates being unknown, in Laurens and Telfair Counties, within the Southern District of Georgia, and elsewhere, Defendant ROBIN EBERLING, aided and abetted by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree together and with others known and unknown, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that Defendant's guilty plea constitutes proof as to that lesser included offense.

3.   <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following possible sentence: not more than 20 years of imprisonment; at least 3 years of supervised release; not more than a $1,000,000 fine; such restitution as may be ordered by the Court; and forfeiture of all forfeitable assets. Additionally, the Court must impose a $100 special assessment per count of conviction.

4.   <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the



Government, the United States Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5.   Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory: the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) in determining Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to Section 1B1.3 of the Sentencing Guidelines, not just the conduct underlying the particular Count to which Defendant is pleading guilty.

6.   Agreements Regarding Sentencing Guidelines

a.   Use of Information

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. However, pursuant to United States Sentencing Guideline Section 1B1.8, any incriminating information provided by Defendant during any cooperation will not be used in determining her applicable Guidelines range.

3



b.     Acceptance of Responsibility

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a 2-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the Government will move for an additional 1-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of her intention to enter a guilty plea.

7.     Dismissal of Other Counts

At sentencing, the Government will move to dismiss any other counts of the Indictment pending against Defendant, specifically Counts Fourteen and Fifteen.

8.     Cooperation

a.     Complete and Truthful Cooperation Required

If Defendant elects to cooperate, she must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in this Indictment and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her

4



cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.    Motion for Reduction in Sentence Based on Cooperation

The Government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, thereby warranting the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether and to what extent Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the Government that Defendant's sentence be reduced.

9.    Forfeiture of Property

Defendant agrees to forfeit her interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 21 offense to which she has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, including, but not limited to, all United States currency used in the offense.

10.    Financial Obligations and Agreements

a.    Special Assessment

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.



11.   <u>Waivers</u>

    a.   <u>Waiver of Appeal</u>

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground, including any argument that the statutes to which Defendant is pleading guilty are unconstitutional or that the admitted conduct does not fall within the scope of those statutes. The only exceptions are that Defendant may file a direct appeal of her sentence if (1) the Court enters a sentence above the statutory maximum; (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the Court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

    b.   <u>Waiver of Collateral Attack</u>

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

    c.   <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.



d.     Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12.    Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights that she will waive by pleading guilty, including the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, be protected from compelled self-incrimination, testify and present evidence, and compel the attendance of witnesses.

13.    Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

7



## 14.   Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw her guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

## 15.   Entire Agreement

This agreement contains the entire agreement between the Government and Defendant.

DAVID H. ESTES
UNITED STATES ATTORNEY

6/13/22
Date

Karl I. Knoche Patricia G. Rhodes
Georgia Bar No. 426624 307288
Chief, Criminal Division

6/13/22
Date

John P. Harper III
Georgia Bar No. 556403
Assistant United States Attorney

8

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.


5-19-22
Date

Robin Eberling
Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.


5/19/22
Date

C. Brian Jarrard
Counsel for Defendant Robin Eberling

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cr-008 |
| | ) | |
| ROBIN EBERLING | ) | |
| | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of Defendant and her attorney at a hearing on Defendant's motion to change her plea, and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _6th_ day of _September_ 2022.

_____
HONORABLE DUDLEY H. BOWEN, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA